*Citizens for Responsibility and Ethics in Washington v. U.S. Postal Service*, 20-cv-2927 (D.C.C.) – *Vaughn* Index

| No. | Date | Time | From | To | Subject | Exemption |
|---|---|---|---|---|---|---|
| 1 | 8/14/2020 | 4:25 pm | Natalie Bonanno | CD@OGE.gov | Certificate of Divestiture Request<br><br>This email from the Designated Agency Ethics Official forwards the materials related to a request for a certificate of divestiture. | Exemption 5 -- Deliberative Process Privilege<br>The withheld document and attachments were part of an on-going iterative decision-making process related to the PMG's divestiture requirements.<br><br>The withheld documents are not the final certificate of divestiture issued by OGE, nor are they or the information within the documents contained in their entirety in the final divestiture documents.<br><br>This information is pre-decisional and deliberative because the decision-making process was on-going when these documents were generated.<br><br>Release would have a chilling effect on Agency decision-making processes and cause public confusion about the actual Agency decision, which is not contained in the documents.<br><br>Exemption 5 -- Attorney-Client Privilege<br>The email and associated attachments contain the product of legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld.<br><br>Exemption 6: The request for a certificate of divestiture and the iterative process that results from the request, does not represent the final determination of OGE. And to that extent, there are |

| | | | | | | | items listed in the request that are not reflected in the final version as approved by OGE. Those items that do not overlap represent the private interests of the PMG and are not subject to release absent some showing that the privacy interests are outweighed by the public interest. No such showing was made.<br><br>Ex 3, in conjunction with 39 U.S.C. § 410(c)(2), protects financial information that individuals submit to Postal Service ethics officials for the purpose of complying with ethics regulations. This information concerns the finances of third parties and is thus "commercial information" within the scope of this provision. In addition, it would be difficult for ethics officials to procure information from individuals that is necessary to comply with these regulations, and perhaps even difficult to attract qualified candidates to serve in particular positions, if the Postal Service could not afford some degree of protection to financial information submitted to ethics officials. Accordingly, this information would not be disclosed under good business practice. Thus, the information contained in these deliberative and preliminary documents is also properly withheld under Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2). |
|---|---|---|---|---|---|---|---|

| 2 | 8/13/2020 | N/A | Louis DeJoy | | List of Holdings<br><br>This is an attachment to the certificate of divestiture request email providing the list of holdings to be divested. | Exemption 5 -- Deliberative Process Privilege<br>The withheld attachment, associated with the aforementioned submission, was a part of an on-going iterative decision-making process related to the PMG's divestiture requirements.<br><br>The withheld document is not the final certificate of divestiture issued by OGE, nor is it or the information within the document contained in its entirety in the final divestiture documents.<br><br>This information is pre-decisional and deliberative because the decision-making process was on-going when this document was generated.<br><br>Release would have a chilling effect on Agency decision-making Processes and cause public confusion about the actual Agency decision, which is not contained in the documents.<br><br>Exemption 5 -- Attorney-Client Privilege<br>The attachment, associated with the aforementioned submission, is the product of legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld.<br><br>Exemption 6: The request for a certificate of divestiture and the iterative process that results from the request, does not represent the final |

|  |  |  |  |  |  |  | determination of OGE. And to that extent, there are items listed in the request that are not reflected in the final version as approved by OGE. Those items that do not overlap represent the private interests of the PMG and are not subject to release absent some showing that the privacy interests are outweighed by the public interest. No such showing was made.<br><br>Ex 3, in conjunction with 39 U.S.C. § 410(c)(2), protects financial information that individuals submit to Postal Service ethics officials for the purpose of complying with ethics regulations. This information concerns the finances of third parties and is thus "commercial information" within the scope of this provision. In addition, it would be difficult for ethics officials to procure information from individuals that is necessary to comply with these regulations, and perhaps even difficult to attract qualified candidates to serve in particular positions, if the Postal Service could not afford some degree of protection to financial information submitted to ethics officials. Accordingly, this information would not be disclosed under good business practice. Thus, the information contained in these deliberative and preliminary documents is also properly withheld under Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2). |
|---|---|---|---|---|---|---|---|

| 3 | 8/14/2020 | | Louis DeJoy | | Request for a Certificate of Divestiture Form

This is an attachment to the certificate of divestiture request email. This is the completed version of the form OGE provides to effectuate such a request. | Exemption 5 -- Deliberative Process Privilege
The withheld attachment, associated with the aforementioned submission, was a part of an on-going iterative decision-making process related to the PMG's divestiture requirements.

The withheld document is not the final certificate of divestiture issued by OGE, nor is it or the information within the document contained in its entirety in the final divestiture documents.

This information is pre-decisional and deliberative because the decision-making process was on-going when this document was generated.

Release would have a chilling effect on Agency decision-making Processes and cause public confusion about the actual Agency decision, which is not contained in the documents.

Exemption 5 -- Attorney-Client Privilege
The attachment, associated with the aforementioned submission, is the product of legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld.

Exemption 6: The request for a certificate of divestiture and the iterative process that results from the request, does not represent the final |

|  |  |  |  |  |  |  | determination of OGE. And to that extent, there are items listed in the request that are not reflected in the final version as approved by OGE. Those items that do not overlap represent the private interests of the PMG and are not subject to release absent some showing that the privacy interests are outweighed by the public interest. No such showing was made.<br><br>Ex 3, in conjunction with 39 U.S.C. §410(c)(2), protects financial information that individuals submit to Postal Service ethics officials for the purpose of complying with ethics regulations. This information concerns the finances of third parties and is thus "commercial information" within the scope of this provision. In addition, it would be difficult for ethics officials to procure information from individuals that is necessary to comply with these regulations, and perhaps even difficult to attract qualified candidates to serve in particular positions, if the Postal Service could not afford some degree of protection to financial information submitted to ethics officials. Accordingly, this information would not be disclosed under good business practice. Thus, the information contained in these deliberative and preliminary documents is also properly withheld under Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2). |
|---|---|---|---|---|---|---|---|

| 4 | 8/13/2020 | | Louis DeJoy | USPS Ethics Office | Memorandum re Divestiture<br><br>This is an attachment to the certificate of divestiture request email.  This is the memorandum OGE requires from an employee requesting a divestiture. | Exemption 5 -- Deliberative Process Privilege<br>The withheld attachment, associated with the aforementioned submission, was a part of an on-going iterative decision-making process related to the PMG's divestiture requirements.<br><br>The withheld document is not the final certificate of divestiture issued by OGE, nor is it or the information within the document contained in its entirety in the final divestiture documents.<br><br>This information is pre-decisional and deliberative because the decision-making process was on-going when this document was generated.<br><br>Release would have a chilling effect on Agency decision-making<br>Processes and cause public confusion about the actual Agency decision, which is not contained in the documents.<br><br>Exemption 5 -- Attorney-Client Privilege<br>The attachment, associated with the aforementioned submission, is the product of legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld.<br><br>Exemption 6: The request for a certificate of divestiture and the iterative process that results |

|  |  |  |  |  |  |  |  | from the request, does not represent the final determination of OGE. And to that extent, there are items listed in the request that are not reflected in the final version as approved by OGE. Those items that do not overlap represent the private interests of the PMG and are not subject to release absent some showing that the privacy interests are outweighed by the public interest. No such showing was made.<br><br>Ex 3, in conjunction with 39 U.S.C. § 410(c)(2), protects financial information that individuals submit to Postal Service ethics officials for the purpose of complying with ethics regulations. This information concerns the finances of third parties and is thus "commercial information" within the scope of this provision. In addition, it would be difficult for ethics officials to procure information from individuals that is necessary to comply with these regulations, and perhaps even difficult to attract qualified candidates to serve in particular positions, if the Postal Service could not afford some degree of protection to financial information submitted to ethics officials. Accordingly, this information would not be disclosed under good business practice. Thus, the information contained in these deliberative and preliminary documents is also properly withheld under Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2). |
|---|---|---|---|---|---|---|---|---|

| 5 | 7/21/2020 |  | Louis DeJoy | USPS Ethics Office and Katherine Sigler, Acting Secretary of the Board of Governors | Notification of Commitment to Recuse and Screening Arrangement<br><br>This is a memorandum establishing a recusal and screening arrangement regarding certain entities. | Exemption 5 -- Deliberative Process Privilege<br>The document is a part of an on-going iterative decision-making process related to the PMG's divestiture and recusal requirements.<br><br>The withheld document is not part of the final certificate of divestiture issued by OGE, nor is it done in relation to his public filing requirements. Instead it's an iterative process, to determine his actual divestiture or recusal requirements.<br><br>This information is pre-decisional and deliberative because the decision-making process is on-going when this document was generated and to this date.<br><br>Release would have a chilling effect on Agency decision-making Processes and cause public confusion about the actual Agency decision, which is not contained in the documents.<br><br>Exemption 5 -- Attorney-Client Privilege<br>The attachment, is the product of legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld.<br><br>Exemption 6: The withheld document is not part of the final certificate of divestiture issued by OGE, nor is it done in relation to his public filing requirements. Instead it's part of an ongoing |

|  |  |  |  |  |  |  | process to determine his actual divestiture or recusal requirements. Because this relates to the PMG's finances and not related to a public filing and the information is not found in any required public filings, the PMG has a privacy interest in this document, absent some showing that his privacy interest is outweighed by the public interest. No showing has been made.<br><br>Ex 3, in conjunction with 39 U.S.C. § 410(c)(2), protects financial information that individuals submit to Postal Service ethics officials for the purpose of complying with ethics regulations. This information concerns the finances of third parties and is thus "commercial information" within the scope of this provision. In addition, it would be difficult for ethics officials to procure information from individuals that is necessary to comply with these regulations, and perhaps even difficult to attract qualified candidates to serve in particular positions, if the Postal Service could not afford some degree of protection to financial information submitted to ethics officials. Accordingly, this information would not be disclosed under good business practice. Thus, the information contained in these deliberative and preliminary documents is also properly withheld under Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2). |

| 6 | 8/3/2020 | | Louis DeJoy | USPS Ethics Office and Katherine Sigler, Acting Secretary of the Board of Governors | Notification of Commitment to Recuse and Screening Arrangement<br><br>This is a memorandum establishing a recusal and screening arrangement regarding an additional entity. | Exemption 5 -- Deliberative Process Privilege<br>The document is a part of an on-going iterative decision-making process related to the PMG's divestiture and recusal requirements.<br><br>The withheld document is not part of the final certificate of divestiture issued by OGE, nor is it done in relation to his public filing requirements. Instead it's an iterative process, to determine his actual divestiture or recusal requirements.<br><br>This information is pre-decisional and deliberative because the decision-making process is on-going when this document was generated and to this date.<br><br>Release would have a chilling effect on Agency decision-making processes and cause public confusion about the actual Agency decision, which is not contained in the documents.<br><br>Exemption 5 -- Attorney-Client Privilege<br>The attachment, is the product of legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld.<br><br>Exemption 6: The withheld document is not part of the final certificate of divestiture issued by OGE, nor is it done in relation to his public filing requirements. Instead it's part of an ongoing |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | process to determine his actual divestiture or recusal requirements. Because this relates to the PMG's finances and not related to a public filing and the information is not found in any required public filings, the PMG has a privacy interest in this document, absent some showing that his privacy interest is outweighed by the public interest. No showing has been made.<br><br>Ex 3, in conjunction with 39 U.S.C. § 410(c)(2), protects financial information that individuals submit to Postal Service ethics officials for the purpose of complying with ethics regulations. This information concerns the finances of third parties and is thus "commercial information" within the scope of this provision. In addition, it would be difficult for ethics officials to procure information from individuals that is necessary to comply with these regulations, and perhaps even difficult to attract qualified candidates to serve in particular positions, if the Postal Service could not afford some degree of protection to financial information submitted to ethics officials. Accordingly, this information would not be disclosed under good business practice. Thus, the information contained in these deliberative and preliminary documents is also properly withheld under Exemption 3 in conjunction with 39 U.S.C. § 410(c)(2). |

*Citizens for Responsibility and Ethics in Washington v. U.S. Postal Service*, 20-cv-2927 (D.C.C.) – *Vaughn* Index

| | | | | | |
|---|---|---|---|---|---|
| 7 | | | Natalie Bonanno | Louis DeJoy | Financial Conflicts of Interest<br><br>This is guidance provided to Mr. DeJoy regarding his recusal obligations. | Exemption 5 -- Attorney-Client Privilege<br>This document is legal advice provided to the PMG by USPS lawyers, related to the OGE filings for a certificate of divestiture. To the extent that this document contains the product of confidential legal discussions between government attorneys and their client(s), the information was withheld. |